SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Assistant United States Attorney
nicole.hermann@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**GERMAN JASSIEL ESTRADA-SEVILLA,**

**Defendant.**

**3:26-cr-00057-002-AB**

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant comes before the Court after pleading guilty to possession with the intent to distribute fentanyl. Based on defendant's active role in distributing fentanyl in Portland, and consistent with the plea agreement, the government recommends a sentence of 27 months' of imprisonment, followed by a five-year term of supervised release, and a $100 fee assessment.

## I. The Offense Conduct

Beginning in October 2025, Portland law enforcement began investigating a drug trafficking organization (DTO) operating in the Portland, Oregon area. PSR ¶ 20. Investigators began contacting a phone number provided during the investigation to arrange for the sale of

fentanyl. PSR ¶ 21. On November 7, 2025, investigators assisted in arranging the sale of fentanyl at an agreed upon location in SE Portland. PSR ¶ 22. Investigators set up at the location and contacted the occupants of the vehicle that arrived for the arranged buy. PSR ¶ 23. Upon stopping the vehicle, investigators contacted the defendant who was in the passenger's seat, observing that both defendant and the driver appeared to be concealing items as officers approached. PSR ¶ 24. As officers made contact with the defendant, they observed a clear plastic bag of powdered fentanyl in plain view on the rear floorboard of the vehicle. *Id*. Investigators then searched the rest of the vehicle and located additional quantities of fentanyl, some individually packaged, totaling approximately 539 gross grams of fentanyl powder. PSR ¶ 25. Investigators also located a total of $100 in U.S. currency on defendant's person and an additional $141 in U.S. currency on the driver. PSR ¶ 26. The powder located in the vehicle later tested presumptive positive for fentanyl, a Schedule II controlled substance. A search of the driver’s cell phone showed calls from the main dispatch number investigators used to arrange the sale. *Id*.

Separately, in November 2025, the Westside Interagency Narcotics team (WIN) began an investigation into a drug trafficking organization located in the Portland area. PSR ¶ 29. Investigators conducted a series of controlled purchases using a phone number provided to law enforcement during the investigation, noting the individuals and vehicles which appeared for the buys. PSR ¶ 30. Investigators identified a residence tied to the individuals involved in the buys and on February 6, 2026, investigators executed a search warrant at that residence. PSR ¶ 32. Prior to the execution of the warrant, on the morning of the planned execution, investigators observed the defendant arrive at the SE Raymond residence in his vehicle, carry item(s) inside the residence, and then return to his vehicle before taking off. PSR ¶ 33. Investigators stopped

the vehicle and a narcotics canine deployed around the vehicle alerted to the presence of narcotics. PSR ¶ 35. A search of the vehicle revealed $5,394 in U.S. currency as well as defendant's cell phone which investigators determined to be the dispatch number used during the investigation to arrange controlled purchases of fentanyl. *Id*. Inside the residence, investigators located the co-defendant attempting to flush powdered fentanyl down the toilet. The fentanyl powder was recovered and weighed 68.3 gross grams. PSR ¶ 39. An additional $1366 in U.S. currency was found on the co-defendant. PSR ¶ 38. Investigators searched defendant's phone pursuant to the search warrant and observed messages, records, and photos consistent with the sale and distribution of controlled substances.

## II. The Charges & Guilty Plea

Defendant was initially charged by federal complaint on February 8, 2026. ECF No. 1. Defendant made his first appearance on the complaint on February 9, 2026. ECF No. 7. On March 10, 2026, a federal grand jury returned a three-count indictment charging defendant with Conspiracy to Distribute Fentanyl and two counts of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §841(a)(1) and 846 (Count 1) and 841(b)(1)(A)(vi) (Counts 2 and 3). ECF No. 17. On July 29, 2026, defendant pled guilty to Count 2, Possession with Intent to Distribute Fentanyl. ECF No. 36.

## III. Guideline Computations

The government agrees with the computations as outlined in the PSR. The parties agree that defendant's base offense level is 30 under USSG §2D1.1(a)(5)(A). PSR ¶ 51.

Pursuant to the plea agreement, the government does not seek a role adjustment under USSG §3B1.2(b). ECF No. 37 at ¶ 8. The government agrees with the PSR that a role adjustment under USSG §3B1.2(b) is not applicable in this case. PSR ¶ 54.

The parties further agree that defendant meets the criteria set forth in USSG §5C1.2(a)(1)-(5) and is eligible for a two-level safety valve reduction under USSG §2D1.1(b)(18). PSR ¶ 52.

Defendant has no criminal history points and receives a criminal history score of zero; as a result, he is eligible for an additional two-level reduction under USSG §4C1.1(a) as a zero-point offender. PSR ¶ 57.

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case, which is reflected in a three-level adjustment for acceptance of responsibility. PSR ¶¶ 58 – 59.

The government does recommend an additional three-level reduction in defendant's offense level for the early resolution of his case pursuant to the plea agreement. PSR ¶ 124.

Finally, the government agrees with Probation that defendant scores zero criminal history points, placing him in CHC I. PSR ¶ 64.

## IV. Government's Sentencing Recommendation

Defendant appears in federal court for the first time for his role in the trafficking of over 600 gross grams of fentanyl in the greater Portland metro area on two separate occasions over a 3-month period. While defendant was not the leader of the organization, he maintained authority to operate a dispatch style phone, to handle large sums of cash, and to facilitate the sale of fentanyl. The government recognizes that defendant has no criminal history, however, defendant's involvement in the distribution of fentanyl was not minimal. The guidelines outlined above already recognize the defendant's minimal record and willingness to take accountability and resolve his case. The government believes a low-end guidelines sentence is therefore appropriate, and further reductions in the sentence are not warranted.

The government recommends a low-end guidelines sentence of 27 months' of imprisonment. The government's sentencing recommendation is appropriate to hold defendant accountable for his actions, promote respect for the law, act as a deterrent, and provide just punishment for the offense. Most importantly, this sentence would protect the community from this offender for the foreseeable future.

## V. Forfeiture

There are no outstanding forfeiture matters to resolve, all property seized in this case remains in the custody of local agency and is not subject to federal forfeiture.

## VI. Conclusion

Based on the foregoing, the government recommends that the Court impose a sentence of 27 months' imprisonment, followed by a 5-year term of supervised release, subject to the mandatory, standard, and special conditions proposed by the Probation Office, and a $100 statutory special assessment fee.

Dated: October 21, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*<u>/s/ Nicole M. Hermann</u>*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorney